WESTLAKE (CITY), PLAINTIFF-APPELLEE, *v.* PENISTON, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25849.   Decided June 21, 1962.

Mr. *Patrick Gareau*, prosecutor, and Mr. *William J. Mc-Crone*, assistant prosecutor, for plaintiff-appellee.
*Messrs. Bogart & Murray*, for defendant-appellant.

(CRAWFORD, P. J., KERNS and SHERER, JJ., of the Second District, sitting by designation in the Eighth District.)

KERNS, J.   This is an appeal on questions of law from a sentence and judgment of the Rocky River Municipal Court wherein the defendant, Lawrence Y. Peniston, was found guilty of speeding contrary to Section 333.03 of the traffic ordinances of the City of Westlake, Ohio.

The following errors have been assigned:

1. That the decision is contrary to law;

2. That the decision is contrary to the weight and sufficiency of the evidence;

3. That the Municipal Court of Rocky River was without jurisdiction to hear this case;

4. That the defendant should have been charged under State Statute;

5. Errors manifest on the record.

Assignments of error three and four are based upon the contention that the police officers of the City of Westlake were unable "to clock the speeds of the defendant within the territorial limits of the City of Westlake, Cuyahoga County, and that in fact, said clocking was performed in Lorain County, and therefore was beyond the jurisdiction of the Rocky River Municipal Court."

This contention, however, is refuted by the record which discloses evidence of sufficient probative force to support the trial court's conclusion that the offense occurred in the City of Westlake. In fact, Sergeant Daniel Owad, one of the arresting officers, after testifying that the defendant was travelling 100 miles per hour in a 40 mile per hour zone, testified specifically as follows:

"Q. Sergeant, these facts that you testified to in regard to what you observed the defendant do, did they occur in the City of Westlake?

"A. Yes, sir.

"Q. Is that Cuyahoga County?

"A. Yes, sir.

"Q. And the State of Ohio?

"A. Yes, sir."

Although the defendant attempted to show mathematically that the offense could not have been committed in the City of Westlake, the final determination of this factual issue rested with the trial court, and may not be disturbed by this court unless the finding is contrary to the weight of the evidence. See 3 Ohio Jurisprudence (2d), 789, Section 809. In this regard, our view of the evidence upon the question of jurisdiction is not in conflict with that of the trial court. Assignments of error three and four will therefore be overruled.

Assignments of error one, two and five are also without merit and will likewise be overruled.

The judgment will be affirmed.

CRAWFORD, P. J., and SHERER, J., concur.